UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
RAUL GONZALEZ LOPEZ, :
:
:
Plaintiff, :
: 19-CV-2796 (JMF)
-v- :
: MEMORANDUM OPINION
V L DELIGHTS LLC, et al., : AND ORDER
:
Defendants. :
:
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

On May 13, 2019, Plaintiff notified the Court that the parties to this action, brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, had reached a settlement. *See* Docket No. 17. By Order entered the next day, the Court directed the parties to submit their settlement agreement and a joint letter explaining why the Court should approve the settlement, with reference to the factors set forth in *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335-36 (S.D.N.Y. 2012). *See* Docket No. 18. The parties did so on June 5, 2019. *See* Docket No. 22 ("Joint Letter"); *id.* Ex A ("Settlement Agreement").

The Court, having reviewed the parties' joint letter and settlement agreement, finds that the settlement is fair and reasonable, given both the nature and scope of Plaintiff's individual claim as well as the risks and expenses involved in additional litigation (including Defendants' financial condition). *See Wolinsky*, 900 F. Supp. 2d at 335-36. Although the FLSA places "strict limits on an employee's ability to waive claims . . . for fear that employers would [otherwise] coerce employees into settlement and waiver," *id.* at *1 (citation omitted), these concerns are not as relevant when the plaintiff no longer works for the defendant, as is the case here, *see Paredes*

*v. J&B Cleaners, Inc.*, No. 18-CV-1638 (JMF), 2018 WL 2461274, at *1 (S.D.N.Y. June 1, 2018) (collecting cases).

Plaintiff also seeks the Court's approval to allocate $5,500 of the settlement to attorney's fees and costs. Joint Letter 2-3. In evaluating an attorney's fee request, a court must consider: (1) counsel's time and labor; (2) the case's magnitude and complexities; (3) the risk of continued litigation; (4) the quality of representation; (5) the fee's relation to the settlement; and (6) public policy considerations. *See Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000). In addition to considering those factors, commonly referred to as the "*Goldberger* factors," a court may use one of two methods to calculate attorney's fees: the "lodestar" method or the "percentage of the fund" method. *See, e.g.*, *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 417 (2d Cir. 2010). Either way, a court should continue to be guided by the *Goldberger* factors when determining what constitutes reasonable attorney's fees. *See, e.g.*, *Paredes*, 2018 WL 2461274, at *1.

After due consideration of all the *Goldberger* factors, the Court finds that the proposed attorney's fee award is excessive. Most significantly, the size of the requested fee in relation to the total settlement — one third — is unreasonably high given the actual work that counsel did on the case. Although courts in this Circuit typically approve attorney's fees that range between thirty and thirty-three percent, *see Guzman v. Joesons Auto Parts*, No. 11-CV-4543 (ETB), 2013 WL 2898154, at *4 (E.D.N.Y. June 13, 2013) (collecting cases); *see also, e.g., Silverstein v. AllianceBernstein LP*, No. 09-CV-5904 (JPO), 2013 WL 6726910, at *9 (S.D.N.Y. Dec. 20, 2013); *Beckman v. KeyBank, N.A.*, 293 F.R.D. 467, 481 (S.D.N.Y. 2013), the circumstances here do not warrant the award of such a high proportion. This case involved a standard wage-and-hour dispute — one that, because of its speedy resolution, did not even require counsel to appear

2

for an initial pre-trial conference or a settlement conference. In light of the seeming lack of complexity of legal issues at play in the case and its speedy resolution, the Court finds that an award of twenty-five percent is sufficient to compensate Plaintiff's counsel, and that anything above that percentage would be unreasonable. Accordingly — and without opining on the reasonableness of Plaintiff's counsel's hourly rate — the Court awards attorney's fees of $4,125. Plaintiff's counsel has also documented $633.16 in costs, an amount the Court finds to be reasonable. The Court will therefore add an award of costs to the fee award, for an amount totaling $4758.16 in attorney's fees and costs. The remainder of the settlement amount shall go directly to Plaintiff.

The settlement agreement is accordingly approved with its terms modified as necessary to be consistent with the reduced award of fees and costs. *See* Settlement Agreement ¶¶ 1(b), 4(a)-(b). The Clerk of the Court is directed to close the case.

SO ORDERED.

Dated: June 6, 2019
      New York, New York

                                        JESSE M. FURMAN
                                     United States District Judge